[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION TO DIRECT DEFENDANT METRO-NORTH TO REVISE ITS FIRST AND SECOND SPECIAL DEFENSES
The motions before the court show the difficulties that can ensue from the use of Latinisms in the practice of law. On March 21, 2001, defendant Metro-North Commuter Railroad Co. ("Metro-North") filed an answer and special defenses to the plaintiffs complaint. In these defenses, Metro-North alleged that the plaintiffs claims are preempted by the Rail Safety Act of 1970, the Highway Safety Act of 1973, and regulations issued by the Secretary of Transportation and the Connecticut Department of Transportation pursuant to those statutes. Metro-North cited the initial federal code citation of each statute, followed by "et seq." signifying inclusion of additional sections of the statutes. Metro-North did not cite the regulations by number.
Practice Book § 10-3(a) requires that when a defense is grounded on a statute, "the statute shall be specifically identified by its number."
The plaintiff filed a request to revise seeking a revision in which Metro-North would cite the specific statutory section (s) and specific administration regulation (s) on which it relies.
Metro-North did not object to the request to revise but filed another answer and special defense on May 9, 2001, in which it provided section numbers for regulations but followed them and the two statutes again with "et seq." "Et seq." is an abbreviation for the Latin "et sequentes," meaning "and those (pages or sections) that follow." Black's Law Dictionary 7th Ed. (1999). Use of "et seq." thus indicates that not only the section cited but all the sections that follow it are also being relied upon. Metro-North observes in its brief filed on May 25, 2001, that the plaintiff should know that its citation refers to the cited statutes and regulations and those immediately following it. This explanation does not comport with the common understanding of the Latin term used, and unless the statutes and regulations are all cited by CT Page 14775 number, the plaintiff is left to guess which the of the sections are being invoked by the defendant.
By continuing to use "et seq.," Metro-North has failed to plead in accordance with Practice Book § 10-3(a). It must specifically identify by number each statutory provision and each regulation on which it relies, so that the plaintiff is not left to guess which of the sections that follow the number cited is or is not relied upon.
Conclusion
By December 2, 2002, defendant Metro-North shall filed revised special defenses that identify by number each and every statutory provision and regulation on which it relies in defense of the plaintiffs claims. It shall do so without using "et seq."
___________________ Beverly J. Hodgson Date Judge of the Superior Court CT Page 14776